**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-50406 |
| Plaintiff-Appellant, | D.C. No.<br>3:17-cr-00372-JLS-1 |
| v. | |
| MIGUEL ANGEL SAVELLANO, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted August 27, 2018
Pasadena, California

Before:  GOULD and BYBEE, Circuit Judges, and HERNANDEZ,** District
Judge.

The United States has interlocutorily appealed the district court's order

granting defendant-appellee Miguel Angel Savellano's (Savellano) motion to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Marco A. Hernandez, United States District Judge for
the District of Oregon, sitting by designation.

suppress. Savellano is charged with transportation of an alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(i). He moved to suppress evidence that Border Patrol obtained during a motor vehicle stop, arguing that the agents lacked reasonable suspicion to stop the vehicle. On *de novo* review, *United States v. Camacho*, 368 F.3d 1182, 1183 (9th Cir. 2004), we affirm the district court's grant of this motion, despite errors in its analysis.

The facts of this case are known to the parties and are not restated here. At issue is whether Border Patrol officers had a particularized and objective basis for suspecting the vehicle's occupants of criminal activity at the time they executed the stop. *United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013) (en banc). We consider the totality of the circumstances in making a reasonable suspicion determination, and individually innocent acts taken together may form the basis of reasonable suspicion. *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc).

Here, the district court made legal errors in assessing the weight it would ascribe to the fact that the vehicle was traveling on County Route S-2, a known smuggling corridor, at the time of the stop. First, the district court relied on its determination that Border Patrol agents had decided to stop the vehicle before it turned onto the S-2. However, we have held that a reasonable suspicion inquiry

2

takes into account all events which occur up to the time when the seizure is effectuated—which, in automotive cases, is when the vehicle is stopped. *United States v. Santamaria-Hernandez*, 968 F.2d 980, 983 (9th Cir. 1992). Additionally, the district court relied on evidence of the Border Patrol agents' *subjective* state of mind. The district court was instead obliged to determine whether the circumstances of the seizure, viewed *objectively*, justified the stop. *Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011). Thus, this court must re-balance the totality of the circumstances inquiry to correct for these errors.

However, this re-balancing does not disturb the district court's conclusion. The suspicious factors in this case are as follows: the vehicle was of the size and type commonly used for smuggling; it left a suspected "stash house" into which persons that Border Patrol suspected of being undocumented aliens had entered; its occupants had acted in a suspicious manner outside the suspected stash house; it proceeded along two known smuggling corridors for 70 miles from Brawley, California, toward Los Angeles; it traveled at a high rate of speed; the stop took place near the Mexican border; and the agents involved in the stop had eight to eleven years of experience. We hold that these factors, without additional evidence, are insufficient to support a finding of reasonable suspicion. The fact that the vehicle traveled along two smuggling roads, the I-8 and S-2, is less

relevant than it may appear because these are two of the only three roads connecting Brawley to Los Angeles. And aside from speeding, Border Patrol agents did not testify to any type of suspicious driving. As the district court correctly posited, "To hold otherwise would support the stop of virtually any vehicle seen leaving [a suspected stash house], a result that cannot be consistent with the Fourth Amendment." *United States v. Aguilera*, 279 F. Supp. 3d 1095, 1098 (S.D. Cal. 2017).

**AFFIRMED**.